892 F.2d 85
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric William ZESSMAN, Petitioner-Appellant,
v.
George SUMNER, Warden, the Attorney General of the State of
Nevada, Respondents-Appellees.
 No. 87-15080.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1989.
Decided Dec. 27, 1989.
 
 Before REINHARDT, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Nevada Supreme Court reversed Zessman's conviction for first degree murder because he had been given a constitutionally inadequate time to prepare a defense to that charge. Zessman v State, 94 Nev 28, 573 P2d 1174, 1177 (1978). However, the court found that there was sufficient evidence to support a conviction for the lesser included offense of second degree murder, a charge for which Zessman had been given adequate time to prepare. The supreme court therefore remanded to the trial court to pronounce judgment and resentence Zessman for second degree murder. Id at 1177-78. On federal habeas, the district court held that the Nevada Supreme Court's actions effectively granted Zessman the relief he requested and, on that basis, denied his petition for writ of habeas corpus.
 
 
 3
 The Nevada Supreme Court's actions were appropriate and cured any constitutional defect of which Zessman complains, unless Zessman can establish a reliable inference that the presence of the first degree murder charge prejudiced his defense to second degree murder. See Morris v Mathews, 475 US 237, 246 (1986). The district court did not address the question of prejudice, perhaps because neither pro se petitioner nor, curiously, the attorney general cited Morris. We are thus required to remand to give Zessman an opportunity to demonstrate a reasonable probability that he would not have been convicted of second degree murder absent the presence of the first degree murder charge. See id at 247.
 
 
 4
 We also note that in Morris the jury had been instructed on the lesser included offense. The Nevada Supreme Court did not address this issue in Zessman. Because we do not have the state court record, we are unable to verify whether the jury was instructed on second degree murder. The district court shall address the issue on remand.
 
 
 5
 Zessman also alleges on appeal that he was denied due process because his counsel was not allowed to be present at oral argument of his case before the Nevada Supreme Court. While Zessman did not make this allegation in his petition for a writ of habeas corpus, he did raise the claim in his Supplemental Pleading and Points and Authorities in the district court. This would not normally be sufficient to preserve the claim for appeal. But because we are remanding the matter in any event, Zessman will have an opportunity to amend his petition to raise this claim, should he choose to do so.
 
 
 6
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3